## No. 101.

### JOHN R. JONES ET AL. VS. SAMUEL P. RAINES, SHERIFF AND TAX COLLECTOR.

Sawmills are not manufactures within the meaning of the provisions of Article 207 of the Constitution, and are therefore not exempt from taxation.

APPEAL from the Eleventh District Court, Parish of Natchitoches. *Pierson,* J.

---

*Jack & Dismukes* and *Alexander & Blanchard* for Plaintiffs and Appellants:

1. Article 207 of the Constitution of 1879, exempts from taxation and license, for a period of ten years, " the capital, machinery and other property employed in the manufacture of * * * * * agricultural implements, furniture, and other articles of wood."

Webster defines the word manufacture, as " the operation of reducing raw materials of any

kind into a form suitable for use." It is defined by Worcester, as "the process of making anything by art, or of reducing material into a form fit for use."

To convert trees and logs into marketable lumber is to manufacture it, hence a sawmill and its appurtenances, where more than five hands are employed, is exempt from taxation.

2. This Court, in City of New Orleans vs. Ernst & Co , 35 An., recently held a rice mill to be a manufactory. Every reason given in that case, applies as forcibly to a sawmill.

3. The last U. S. Bankrupt Act provided for the involuntary bankruptcy of "bankers, brokers, merchants, traders, and manufacturers." Under this clause of that Act, proprietors of sawmills were held to be manufacturers. Bump's Bankruptcy, p. 411, cases cited.

4 If there were any doubts on the point, the official Journal of the Convention shows, that it was the clearly expressed intention of the framers of the Constitution that sawmills should be included in the list of exempt manufacturers. See official Journal of Constitutional Convention of 1879, pp. 211, 212, 323, 324.

*D. C. Scarborough*, District Attorney, for Defendant and Appellee :

All property is primarily liable to taxation, and the power to tax is never presumed to have been withheld except by the clear letter of the law, and all reasonable construction will be used against rather than in favor of exemption. 34 An. 596; 34 An. 574, 954; 33 An. 622; Cooley on Taxation, pp. 146, 55, 198.

Only such manufactories were exempted from taxation, under Article 207 of the Constitution, as were engaged in the manufacture of finished articles, such as agricultural implements and furniture, as these are the examples given by which we are to interpret their meaning. See Art. 207 of Constitution of 1879.

———————

The opinion of the Court was delivered by

Poché, J.   Plaintiffs prosecute this appeal from a judgment denying the exemption from taxation of their sawmill, in which more than five hands are employed.   The exemption is claimed under that provision of Article 207 of the Constitution, which reads as follows:

" There shall also be exempt from taxation and license for a period of ten years from the adoption of this Constitution, the capital, machinery and other property employed in the manufacture of textile fabrics, leather, shoes, harness, saddlery, hats, flour, machinery, agricultural implements, and furniture and other articles of wood, marble or stone, soap, stationery, ink and paper, boatbuilding and chocolate ; provided that no less than five hands are employed in any one factory."

The question is, therefore, whether a sawmill is a manufacture within the meaning of that constitutional provision, which treats of the exceptions from the general rule under which all property is liable to taxation.   It is now an elementary rule of construction in our jurisprudence, as well as in that of our sister States, that all exemptions must be strictly construed, and that every presumption will be made against an exemption from taxation.   State ex rel. Bertel vs. Assessors, 34 An. 574; Cooley on Taxation, 146 ; 18 Wall. 206; 97 U. S. R. 666; Grosse Tête R. R. vs. Kirkland, 33 An. 622; Danner vs. V. S. & P. Railway, 34 An. 954.

Hence, it is incumbent on plaintiffs to show that their property, herein sought to be exempted, comes clearly within the exceptions under which they invoke immunity from taxation.

In order to do this, they construed the constitutional exemption as intended to exempt all manufacturers of " articles of wood."

They are so deeply impressed with the correctness of that construction, that in their brief they quote the provision as reading on this point substantially as follows:

" There shall also be exempt from taxation and license for a period of ten years from the adoption of this Constitution, the capital, machinery and other property employed in the manufacture of   .*   *   * *and other articles of wood."*

But to our minds the Article does not bear such a construction.

It proposes to exempt *some* manufactures, but not *all* manufactures, and it specifically enumerates the kinds of manufactures which were contemplated by the convention.

It is worthy of note that in the enumeration, each kind of manufacture is treated as a distinct and separate subject, and all are separated from each other by a *comma*, except the manufacture of. " furniture " and " other articles of wood," which are not thus separated, and thus convey an idea of similarity in the subjects contemplated or provided for.

Had it been the intention of the framers of the Constitution to have included among the exemptions, all manufactures of " articles of wood, marble or stone," the sentence would have been constructed thus: *furniture* and *articles of wood, marble or stone.*　But the enumeration, following the copulative conjunction " *and,*" indicating the conclusion of an enumeration of distinct subjects, and the use of the word " *other,*" as qualifying the articles of wood contemplated, both contribute to give a restrictive sense to the words " articles of wood," etc., and satisfy our minds that the articles of wood, marble or stone contemplated, were such as *furniture* or other like articles.　Or, in other words, that the articles of wood contemplated by the convention were articles which, like furniture, were made from lumber, either sawed or split.

The object of the exemptions created by this provision of the Constitution was to encourage and foster the establishment of manufactures of the various articles daily needed by a people engaged mainly in agricultural pursuits; such as leather, harness, saddlery, machinery, agricultural implements, etc., the products of manufactures then very little known within the borders of the State.

Jones et al. vs. Raines.

This intention, and the idea that but a limited number of manufactures was contemplated in such an exemption, appear clearly to our minds by the refusal of the convention to adopt an amendment which proposed to include among the exemptions to manufactures of " skins, hides or hair, glass, crockery, china, porcelain, pottery, ivory or composition, canned goods, paints, varnishes." Journal of the Convention, page 211.

We note also on the same page of the journal, that the convention refused by a *viva voce* vote to include among the exemptions, " capital invested in sugarhouses and cotton gins," which is capital used in preparing for market the two staple products of the State.

It will not be denied that a sugarhouse comes more clearly within the definition of a manufacture than a sawmill.

It takes the stalk of the sugar cane, from which it extracts the raw juice, which it then boils down into sugar and molasses, both of which are fit for the table without further manipulation, and both of which are recognized to be among the most useful commodities in commerce. It is also a well known fact that sugarhouses contain a greater variety of and more costly machinery than sawmills. And yet, the convention unhesitatingly refused to extend its exemptions to that kind of property or manufacture.

This circumstance explains to our satisfaction the meaning and the effect of the refusal of the convention to include a special *proviso* to the effect, that sawmills should not be included in the exemptions provided for.

The understanding of the delegates was, that the absence of such property from the enumeration of exempted property, was a sufficient indication of its exclusion, without a special negation of the same.

The argument of counsel for plaintiffs on this point, although very ingenious, falls short of the intended effect.

Our conclusion is, therefore, that capital, machinery and other property employed in the construction and in the operation of sawmills, is not exempt from taxation under the provisions of Article 207 of the Constitution.

Hence, we must affirm the judgment appealed from.